```
                     United States District Court
                       District of Massachusetts
_____
                               )
JERMAINE FENTON,               )
         Petitioner,           )
                               )
         v.                    )    Case Nos.
                               )    09-cr-10261-NMG-1
UNITED STATES,                 )    11-cv-11596-NMG
         Respondent.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

I. **Background**

On June 4, 2010, Jermaine Fenton ("Fenton") pled guilty to illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326, possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §922 (g)(1), and possession of a firearm and ammunition by an alien illegally or unlawfully in the United States, in violation of 18 U.S.C. 922 (g)(5).

United States probation determined that a 16-level increase pursuant to USSG § 2L1.2(b)(1)(A)(iii) was warranted for the illegal re-entry charge because Fenton had previously been deported after a conviction for a crime of violence.  Probation determined that pursuant to USSG § 2K2.1(a)(2) the possession of a firearm and ammunition by a felon count warranted an offense level of 24. Pursuant to USSG § 3D1.4, the combined offense level was increased by two levels to 26.  Because Fenton had accepted

-1-

responsibility, he was entitled to a three point reduction in offense level to 23. Based on that total offense level of 23 and a criminal history category III, the Court determined that the guideline range was 57 to 71 months.  On September 8, 2010 the Court sentenced Fenton to 57 months imprisonment, with a two year period of supervised release.

On September 12, 2011, Fenton filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on the grounds that he was deprived of his Sixth Amendment right to effective assistance of counsel.  Fenton requests that his sentence be set aside and replaced with one that does not factor in a 16-level enhancement for a prior crime of violence.

## II. Analysis

### A. Standard

Section 2255 of Title 28 of the United States Code enables a prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255; David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  In each of those circumstances, the petitioner bears the burden of establishing the need for relief.  David, 134 F.3d at 474.  To warrant relief under section 2255, the petitioner

must present "exceptional circumstances" that make the need for redress "evident."  Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)).  Judges sitting in review of § 2255 petitions are

> at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing.

United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

Where a conviction is based on a guilty plea, it may be attacked on collateral review only in "strictly limited" circumstances.  Bousley v. United States, 523 U.S. 614, 621 (1998) (citation omitted).  As a general rule, if a petitioner, who has been advised by competent counsel, enters a plea that is both voluntary and intelligent, he is foreclosed from challenging the validity of the conviction on collateral attack.  Id.; United States v. Broce, 488 U.S. 563, 569 (1989).

The Rules Governing Section 2255 Proceedings for the United States District Courts set forth a three-step process for reviewing § 2255 motions: 1) preliminary screening, 2) review to determine the necessity of holding an evidentiary hearing after discovery and expansion of the record and 3) decision following an evidentiary hearing.  A district court will deny the motion at the preliminary screening stage if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b).  The

-3-

First Circuit has described this standard as similar to the one governing Rule 12(b)(6) motions to dismiss under the Federal Rules of Civil Procedure, explaining that a § 2255 petition should be summarily dismissed

> if the [movant's] allegations, accepted as true, would not entitle [him] to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990).

**B. Application**

To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, the petitioner must show that 1) counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness" and 2) prejudice resulted, meaning that "but for his counsel's deficiency, there is a reasonable probability that [petitioner] would have received a different sentence." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (citing and quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984) and Porter v. McCollum, 558 U.S. 30, 453 (2009) (per curiam)).

Reasonableness is considered in light of "prevailing professional norms", rather than "best practices or most common custom." Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citing Strickland, 466 U.S. at 690). The Court must examine counsel's performance "not in hindsight, but based on what the

lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991).  Moreover, the Court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Id. at 787 (quoting Strickland, 466 U.S. at 689).  Indeed, "surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010) (citations omitted).

   Fenton claims that his attorney Frank Fernandez ("Fernanez") was ineffective when he failed to present his sentencing memorandum "in a timely manner" and that Fernandez's deficient performance prejudiced him because it increased his sentence. Fenton contends that the 16-point enhancement was unwarranted because the government failed to meet its burden to prove that his previous conviction for assault and battery was a crime of violence as defined by USSG § 2L 1.2(b)(1)(A)(ii). The Massachusetts assault and battery statute, M.G.L. c. 265 §13A, encompasses two forms of the offense, one violent and one a non-violent offensive touching offense. Neither the charging documents nor Fenton's plea indicate of which form of assault he was convicted.  Fenton argues that had Fernandez promptly raised that objection the Presentence Report would have reflected his objection and lead to a reduced sentence.

That argument is unavailing, however, because Fernandez's performance did not fall below the objective standard of reasonableness. He raised the issue of the 16-level enhancement prior to the defendant's sentencing in a sentencing memorandum filed on September 1, 2010, almost 6 months before the March 23, 2011 sentencing hearing. Furthermore, Fernandez argued the objection before the Court at the sentencing hearing. As a result, Fernandez did not fail to object to the sentencing enhancement "in a timely manner". Although his objections were not reflected in the Presentence Report, Fernandez thoroughly addressed the issue twice prior to sentencing.

Under the second prong of the <u>Strickland</u> test, Fenton has the burden of proving that he was prejudiced by Fernandez's alleged error. Fenton is unable to make this showing even if the simple assault and battery conviction were deemed non-violent and the 16-level enhancement had not been applied. The count alleging possession of a firearm and ammunition by a felon warranted an offense level of 24. Under the grouping principle of USSG § 3D1.4, whether the offense level for Group 1 was calculated at level 20 or 24 did not affect the total combined offense level. Applying the three point reduction for acceptance of responsibility, the combined total offense level remained 23 under either scenario. As a result, even if Fernandez had failed to object to the sentence enhancement in "a timely manner",

Fenton would still be unable to prove that such an error "actually had an adverse effect" on his sentence. Strickland, 466 U.S. at 693.

### III. **Evidentiary Hearing**

An evidentiary hearing is unnecessary when a § 2255 motion is "inadequate on its face," meaning that the allegations, "if accepted as true, entitle the movant to no relief." United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993). Indeed, evidentiary hearings on § 2255 petitions "are the exception, not the norm," and petitioners bear a "heavy burden" to demonstrate that one is warranted. Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003). Because Fenton cannot show that his sentence would have been lower had the court declined to apply the 16 point enhancement, he is not entitled to an evidentiary hearing.

### ORDER

Based upon the foregoing:

1) Petitioner's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is **DENIED**; and

2) the petition for habeas corpus relief is **DISMISSED**.

**So ordered.**

 /s/Nathaniel Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated November 7, 2012